[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence March 1, 1991
Date of Application March 1, 1991
Date Application Filed March 1, 1991
Date of Decision February 25, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury. Docket No. CR89-171905.
Sandra Davis, Esq., Defense Counsel, for Petitioner
 Cara Eschuk, Esq., Assistant State's Attorney, for the State.
CT Page 6156
BY THE DIVISION
After trial by jury petitioner was convicted of two counts of risk of injury to a minor in violation of Connecticut General Statutes Section 53-21 and one count of sexual assault in the fourth degree in violation of Connecticut General Statutes Section 53a-73a.
Consecutive sentences of ten years were imposed on the first two counts and a concurrent sentence of one year was imposed on the third count. The net total effective sentence imposed was twenty years.
The conviction in this matter arises out of petitioner's sexual activity sixth one eight year old boy. Petitioner has denied the truth of the charges.
In arguing for a reduction in sentence petitioner's attorney pointed out that the presentence investigation recommended, as a part of any sentence, probation and counseling. The sentence imposed did not provide for any probation. The attorney argued that petitioner had a supportive family and would be a good candidate for rehabilitation. She requested the division to suspend the execution of a portion of the sentence, place petitioner on probation and order counseling.
Speaking on his own behalf petitioner professes his innocence of the charge.
The state's attorney argued against reduction. She pointed out that petitioner's record included a conviction for risk of injury and that he had been on probation before.
An examination of the presentence investigation reveals three prior convictions all involving the fondling of young boys.
Although petitioner and her attorney stressed the need for counseling and treatment the efficacy of such measures is questionable where petitioner denies that he engaged in the criminal activity.
Considering the need to protect the most vulnerable CT Page 6157 members of society from the type of criminal conduct which petitioner has engaged in and other factors contained in Practice Book Section 942 it cannot be found that the sentence imposed is inappropriate or disproportionate.
The sentence is affirmed.
Purtill, J.
Klaczak, J.
Stanley, J.
Purtill, J., Klaczak, J., and Stanley, J. participated in this decision.